PHILLIP A. TALBERT
Acting United States Attorney
JUSTIN L. LEE
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 2:16-CR-108-GEB |
| | ) |
| Plaintiff, | ) STIPULATION AND ORDER |
| | ) CONTINUING PRELIMINARY HEARING |
| v. | ) DATE |
| | ) |
| JOE NERSESYAN, aka | ) |
| OVSEP NERSESYAN, | ) Judge: Hon. Carolyn K. Delaney |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**STIPULATION**

The United States, by and through its undersigned counsel, and the defendant, by and through his counsel of record, hereby stipulate as follows:

1. By prior order, this matter was set for Preliminary Hearing on May 27, 2016.
2. By this Stipulation, the parties now move to continue the Preliminary Hearing until August 18, 2016, at 2:00 p.m.
3. The defendant made his initial appearance on May 12, 2016.  On that date, the defendant was ordered released on a $100,000 unsecured bond with a co-signer and subject to supervision by

Stipulation to Continue P/H          1          United States v. Nersesyan

pretrial services.  Additionally, the defendant was ordered to be released into the custody of the Wellspace inpatient drug treatment program.  The defendant's drug treatment program is a 90-day inpatient program that requires an initial blackout period where the defendant may not have contact with others that may impact his treatment.

4. The assigned pretrial services officer is not opposed to continuing the preliminary hearing date.

5. The United States provided discovery to defense counsel on May 24, 2016.  The parties have agreed to proceed by Information in lieu of Indictment.  Accordingly, on May 26, 2016, the United States filed an Information charging the defendant with one count of possession of a machinegun.

6. The parties have discussed a potential pre-indictment resolution of this matter.  The parties need further time to discuss this matter, discuss any potential consequences, and to allow counsel for the defendant reasonable time necessary for preparation and further investigation, including reviewing all the of the discovery with the defendant.  Additionally, the parties do not want to disrupt the inpatient drug treatment program of the defendant.

7. The defendant understands that pursuant to 18 U.S.C. § 3161(b), "any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested."  Time may be excluded under the Speedy Trial Act if the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and the defendant in a speedy

trial.  18 U.S.C. § 3161(h)(7)(A).  The parties jointly move to exclude time within which any indictment or information shall be filed from the date of this order, through and including August 18, 2016, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), because failure to do so would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

8. Good cause exists under Rule 5.1(d) of the Federal Rules of Criminal Procedure.

**IT IS SO STIPULATED.**

DATED: May 27, 2016        /s/ Justin L. Lee
                           JUSTIN L. LEE
                           Assistant U.S. Attorney

DATED: May 27, 2016        /s/ Thomas A. Johnson
                           THOMAS A. JOHNSON
                           Attorney for Joe Nersesyan
                           (as authorized on May 26, 2016)

**ORDER**

IT IS SO FOUND AND ORDERED

Dated:  May 27, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE