UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2: 16-cr-00108-GEB |
|---|---|
| Plaintiff, | **AMENDED ORDER GRANTING IN PART AND DENYING IN PART THE UNITED STATES OF AMERICA'S SEALING REQUESTS** |
| v. | |
| JOE NERSESYAN, | |
| Defendant. | |

On November 9, 2017, the United States of America ("government") filed on the public docket notice that it is requesting to "file under seal: (1) two exhibits to the government's Sentencing Memorandum filed with the Court in connection with the sentencing of defendant JOE NERSESYAN based upon the concerns articulated in the government's Request to Seal Documents; and (2) a Request to Seal Documents." Notice at 1:16-20, ECF No. 85. The government submitted to the undersigned the documents it desires sealed for consideration in camera via an email addressed to the Courtroom Deputy Clerk. Five items were submitted: Exhibit A (a police report), Exhibit B (a computer compact disc), and Exhibit C (a one-page report memorializing an FBI interview), a Request to Seal Documents, and a Proposed Order.

The Proposed Order is made public herein

1

notwithstanding the government's submission of it for in camera consideration because the judicial sealing findings in it are too conclusory to justify withholding it from the public and it contains no information that could not have been filed on the public docket. The Proposed Order states:

> Pursuant to Local Rule 141(b) and based upon the representation contained in the government's Request to Seal, IT IS HEREBY ORDERED that exhibits A and C to the government's Sentencing Memorandum pertaining to defendant JOE NERSESYAN, and the government's Request to Seal shall be SEALED until further order of this Court.
>
> It is further ordered that access to the sealed documents shall be limited to the government and counsel for the defendant.
>
> The Court has considered the factors set forth in Oregonian Publishing Co. v. U.S. District Court for the District of Oregon, 920 F.2d 1462 (9th Cir. 1990). The Court finds that, for the reasons stated in the government's request, sealing the government's motion serves a compelling interest. The Court further finds that, in the absence of closure, the compelling interests identified by the government would be harmed. In light of the public filing of its request to seal, the Court further finds that there are no additional alternatives to sealing the government's motion that would adequately protect the compelling interests identified by the government.

The government's Request to Seal Documents is a two page document. The first page references this court's local rule applicable to sealing requests and sealing principles in a United States Supreme Court decision; the second page contains two assertions on which the government predicates its sealing request. The government is authorized to file under seal its Request to Seal Documents since the government indicates its referenced two assertions should be filed under seal.

1        The government's public Notice of Request to Seal erroneously states that the government only seeks to seal "<u>two exhibits</u> to the government's Sentencing Memorandum." Notice at 1:16-17 (emphasis added). The government's Request to Seal Documents is in accord, but it is internally inconsistent. The government states in its Request to Seal Documents that the government "requests an Order sealing exhibits <u>A and C</u>" (emphasis added), but also that "the government seeks to file Exhibits <u>A and B</u> under seal," (emphasis added). The proposed order would have the undersigned seal only "exhibits <u>A and C</u>." (emphasis added). The government's publically docketed sentencing memorandum refers to a document "<u>filed under seal</u> as Exhibit A," Sentencing Memorandum at 2:12, ECF No. 84 (emphasis added), and one "<u>filed under seal</u> as Exhibit C," id. at 3:5 (emphasis added), but then references a document as merely "<u>submitted to the Court</u> as Exhibit B," id. at 2:21-22 (emphasis added).

       However, in the email the government submitted to the Courtroom Deputy Clerk concerning the sealing requests, the government's attorney states: "I have attached the Word version of the Proposed Order, Request to Seal, and the Sealed exhibits A-C in the above referenced case. Exhibit B [contains jail-telephone] audio recordings burned on a disk I will send up to you." Following receipt of this email, on November 9, 2017, chambers received a 9½-by-12-inch pink envelope, taped shut, marked:

       To be opened by addressee only

       <u>THE HONORABLE GARLAND E. BURRELL JR.</u>

UNITED STATES DISTRICT JUDGE

DOCUMENTS TO BE SEALED

This envelope contains a cover page bearing the title "EXHIBITS A, B AND C IN SUPPORT OF GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S MOTION TO CORRECT THE FINAL PRESENTENCE REPORT" and under which are the words "UNDER SEAL".

The procedural sealing requirements generally obligate the movant for a closure or sealing order to "'provide [in the publicly docketed notice] a kind of index to the judicial documents' that the [party] desires to file under seal, [and that the party informs the public what has been provided to the judge for in camera consideration of the closure request] so as to 'endow the public and press with the capacity to exercise a perceived right' to access all or part of said documents." United States v. Morales, No. 2:13-CR-00335-GEB, 2016 WL 1375627, at *1 (E.D. Cal. Apr. 7, 2016) (quoting Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 93 (2d Cir. 2004)). Following this procedure should avoid the appearance that the court maintains a secret filing docket. Public "confidence [in the court's docketing system could be] erode[d] if there is a two-tier system, open and closed [, where] public records cannot be compared with the sealed ones, [because] all of the former are put in doubt." CBS, Inc. v. U.S. Dist. Court, 765 F.2d 823, 826 (9th Cir. 1985).

The movant for a sealing or closure order also must

satisfy the following substantive closure requirements: that "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." Oregonian Pub. Co., 920 F.2d at 1466 (citing Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 13 (1986)). "The procedural and substantive safeguards . . . are not mere punctilios, to be observed when convenient. They provide the essential, indeed only, means by which the public's voice can be heard." Phoenix Newspapers, Inc. v. U.S. Dist. Court, 156 F.3d 940, 951 (9th Cir. 1998).

The government has not shown that a closure order is appropriate for all of Exhibit A. This exhibit comprises a State of California Department of Highway Patrol Arrest-Investigation Report, Arrest Report, Vehicle Report and an Evidence Report. Some of these documents were previously filed on the public docket as an attachment to Defendant's suppression motion filed earlier in this case. See Exhibit B to Defendant's Mot. Suppress Evidence, ECF No. 42. "[C]omplete closure [of what comprises Exhibit A is not] warranted" since a portion of "the information sought to be kept confidential has already been given sufficient public exposure to preclude a closure order on this account." In re Herald Co., 734 F.2d 93, 101 (2d Cir. 1984). Nor has the government shown why sealing all of the portions of Exhibit A which have not yet been made public implicates compelling interests. Even where such interests are involved, the movant for closure must establish "there are no alternatives to [the

5

complete] closure [it seeks] that would adequately protect [the] compelling interest" it asserts as its basis for sealing. Oregonian Pub. Co., 920 F.2d at 1466 (citing Press-Enterprise Co., 478 U.S. at 13); see also, United States v. Guerrero, 693 F.3d 990, 1003 (9th Cir. 2012) (stating even when an interest "constitute[s] a compelling interest [the closure movant must still show] there are [no] alternatives to full closure . . . that can protect these interests" in light of such alternatives as "redact[ing] names from reports"). Nor has the government shown the absence of alternatives to complete closure of Exhibit C, which comprises a one-page report memorializing an FBI interview. Therefore, the government's motion concerning Exhibits A and C is denied.

The government's request to seal Exhibit B, described in its Sentencing Memorandum as recordings of "Nersesyan Jail Calls," Sentencing Memorandum at 2:21, ECF No. 84, is based on two assertions in its Request to Seal Documents that have not been disclosed in its publicly docketed sealing notice. "The court must not base its [sealing] decision on conclusory assertions alone, but must make specific factual findings" to justify sealing and/or closure. Oregonian, 920 F.2d at 1466. Further, sealing and/or closure "findings [must be] specific enough that a reviewing court can determine whether the closure order was properly entered." Phoenix Newspapers, Inc. v. U.S. Dist. Court, 156 F.3d 940, 949 (9th Cir. 1998). The request appears overbroad and the over-broadness of the request interferes with the court's sentencing obligations, which require "[t]he court, at the time of sentencing, [to] state in open court

the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). This statutory "requirement reflects sound judicial practice [since j]udicial decisions are reasoned decisions. Confidence in a judge's use of reason underlies the public's trust in the judicial institution. A public statement of those reasons helps provide the public with the assurance that creates that trust." Rita v. United States, 551 U.S. 338, 356 (2007).

The undersigned listened to the recordings and only grants the portion of the closure request which is arguably supported by the assertions in the government's Request to Seal Documents on page 2, lines 1-4. **However, the government is authorized to file Exhibit B under seal because it is a computer compact disc comprised of recordings.** However, this ruling does not preclude a party from discussing the portions of the recordings that are not within the ambit of the two assertions on which the sealing order is based in further briefs and/or in open court. Further, considering the requirement in § 3553(c) prescribing that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence", the undersigned judge has decided to inform the parties of influences that may bear on the sentencing decision; specifically, the parties are informed that in certain sealed recordings Defendant is perceived as manifesting an angry demeanor and evincing that he is committed to engaging in criminal activity.

**The government is also authorized to file its Request to Seal Documents under seal.**

For the stated reasons, the government's sealing request is granted in part and denied in part. All documents requested to be sealed have been returned to the government. See E.D. Cal. R. 141(e)(1) (prescribing that if a sealing "[r]equest is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied"); United States v. Big Leggins, 375 F. App'x 692, 693 (9th Cir. 2010) (indicating that the district court had authority to issue the directive that defendant "could either withdraw the report or resubmit it in redacted form"); United States v. Baez-Alcaino, 718 F. Supp. 1503, 1507 (M.D. Fla. 1989) (remarking that after denying a sealing request a judge may "return[] [the documents] to the submitting party," who may then decide how to proceed).

Dated: November 16, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge