UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOE NERSESYAN,<br><br>Defendant. | No. 16cr00108-CR-00108-GEB<br><br>**ORDER RULING ON FORMAL OBJECTIONS TO THE PRESENTENCE REPORT** |

Each party objects to the base offense level finding in paragraph 26 in the Presentence Report ("PSR"). Defendant argues his base offense level is 18 and the Probation Officer erroneously increased it to 20 in paragraph 26, based on the erroneous conclusion that he was "'a drug user and an addict.'" Def.'s Mot. Correction PSR 1:22-28, ECF No. 79 (quoting PSR at ¶ 26). The United States of America's ("government") objection includes its objection to footnote 2 in paragraph 15, and to the total offense level in paragraph 34. Gov't's Formal Objections 1:19-20, ECF No. 78. Footnote two states: "It is noted that there is no evidence" that a Winchester rifle found in a car loaned to Defendant was a firearm "unlawfully in [Defendant's] possession." The government argues the finding in paragraph 26 that Defendant's base offense level is 20 is incorrect and that the correct base offense level is 22.

1    The Government also argues:

> In the draft PSR, Probation found the Basel (sic) Offense Level ("BOL") to be 18 under §2K2.1(5). It applied the two-level enhancement under §2K2.1(b)(1) for illegal possession of three firearms: a machine gun, a stolen handgun, and a rifle. The government objected to the BOL, arguing that the defendant was a drug addict and regular drug user at the time he possessed the firearms, and thus a "prohibited person" under 18 U.S.C. § 922(g)(3) and §2K2.1(4). The defendant objected to the two level enhancement for three firearms under section under §2K2.1(b)(1), arguing that the defendant was not prohibited from possessing the rifle. Probation agreed with both objections. It revised the PSR to reflect a new BOL of 20 and removed the 2-level enhancement for three firearms. PSR ¶¶ 26-34.
>
> Both things cannot be true, however. The defendant cannot be both a "prohibited person" and allowed to possess the rifle. If the BOL is 20, the two-level enhancement applies; if the BOL is 18, the two-level enhancement does not apply. Probation found that the defendant was a "prohibited person" under §2K2.1(4), resulting in a BOL of 20. It necessarily follows that the two-level enhancement under §2K2.1(b)(1) for illegal possession of three firearms applies, and that the Total Offense Level should be 22.

Gov't's Formal Objections 1:24-2:9. The government also supports its argument that Defendant is a drug user and addict, and thus a prohibited person under the subject advisory guideline, in its Sentencing Memorandum and Response to Defendant's Motion to Correct the Final Presentence Report. ECF No. 84.

Defendant was the passenger in a Mercedes car that did not have a front license plate when that car was stopped by a California Highway Patrol Officer ("CHP") on October 26, 2015, because of the missing front license plate. PSR 12-14; Factual Basis for Plea A-1:5-7, ECF No. 75. Defendant had borrowed the

Mercedes from an auto body repair shop, where his car was being repaired. Three firearms were found in the Mercedes subsequent to the CHP stop, and the following:

> a hypodermic needle in the floorboard of the right passenger area (where [Defendant] had been seated), a second hypodermic needle in the passenger-side glove compartment, and a black case under the right front passenger seat in a small compartment [; i]nside the case, the officer located four additional hypodermic syringes containing drug residue, a metal spoon that was still wet from recent use, a glass smoking device containing suspected methamphetamine, and a baggy containing a substance that was later confirmed to be .5 grams (net weight) of methamphetamine.

PSR ¶ 14; Factual Basis for Plea, ECF No. 75; October 26, 2015 Police Report, Exhibit A).

Defendant admitted to the probation officer tasked with preparing the PSR that "in 2015, [he] began to abuse Klonopin (a benzodiazepine), as well as Oxycodone and Oxymorphone" "and he 'doctor shopped' to obtain more prescription pain pills"'; and "[t]he Pretrial Services report indicate[s] [Defendant] also admittedly ingested prescription opiates he was not prescribed daily." PSR ¶ 57. In addition,

> on May 18, 2016, after telling Pretrial Services that he had a drug problem, the defendant entered the Well Space residential drug treatment facility. He was found in possession of a Vicodin tablet that same day. Less than two weeks later, on May 31, 2016, he tested positive for methadone and was dismissed from the program.

Gov't's Sentencing Memorandum 3:6-9 (citing Pretrial Services Violation Petition, ECF No. 14).

Further, Defendant told a friend during two telephone

3

calls from jail in mid-June, 2017, he "needs meth," had "been using heroin," and "has a problem." Gov't's Sentencing Memorandum 2:20-25 (quoting PSR ¶ 59; Exhibit B).

Defendant argues the findings in the PSR are "not sufficient to establish that, if he was a drug user, he used drugs contemporaneously with the finding of the firearms in his car." Def.'s Mot. Correction PSR 5:28-6:2. Defendant argues "[h]e was arrested on October 26, 2015" and "[t]he PSR notes that he began to abuse Klonopin, Oxycodone and Oxymorphone and doctor shopped to obtain additional pain medication "in '2015'", but "there is no indication in the PSR as to when in 2015 . . . " Id. at 6:3-7.

The government argues that Defendant's drug use admissions to the probation officer and the pretrial service's officer "establish by a preponderance of the evidence that on October 26, 2015, the date he possessed the firearms, the defendant was an unlawful drug user and addict under § 2K2.1(a)(4)(B)"; and that he had "an uninterrupted pattern of illegal drug use starting before the traffic stop in October 2015 and lasting through pre-trial detention on June 3, 2016." Gov't's Sentencing Memorandum 3:11-17.

The government is correct in it arguments. The record shows under the preponderance of evidence standard that defendant used illegal drugs on a regular basis in 2015 and that usage was contemporaneously with his possession of the firearms found in the Mercedes on October 26, 2015. See, United States v. Purdy, 264 F.3d 809, 813 (9th Cir. 2001) (requiring a showing that Defendant's drug use was sufficiently consistent, prolonged, and

close in time to his gun possession to qualified him as an unlawful user of drugs justifying the offense level enhancement).

Since Defendant was a drug user and addict during the relevant period, his possession of all three firearms was unlawful, and the two-level enhancement under § 2K2.1(b)(1)(A) applies. Therefore, the government's objection to the PSR is sustained, and Defendant's competing objection is overruled. Accordingly, Defendant's total offense level is 22 and the advisory guideline range is 51 to 63 months imprisonment.

A copy of this order shall be appended to any copy of the presentence report made available to the Bureau of Prisons pursuant to Federal Rule of Criminal Procedure 32(i)(3)(C).

Dated: November 20, 2017

GARLAND E. BURRELL, JR.
Senior United States District Judge